**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **QATAR AIRWAYS GROUP Q.C.S.C., a Qatari Corporation,** | ) | **Civil Action No. 1:21-CV-0584** |
| **Plaintiff,** | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| **TEYMUR MEHDIYEV, an individual,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Qatar Airways Group Q.C.S.C. ("Plaintiff" or "Qatar Airways") hereby complains of Defendant Teymur Mehdiyev ("Mehdiyev" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for 1) trademark infringement under 15 U.S.C. § 1114; 2) false designation of origin under 15 U.S.C. § 1125(a); and 3) Virginia common law trademark infringement and unfair competition.

**THE PARTIES**

2. Qatar Airways is the national airline of the nation of Qatar and is the predominant provider of air travel to and from Qatar.

3. Defendant is a citizen and resident of Baku, Azerbaijan.

**JURISDICTION AND VENUE**

4. Qatar Airways asserts claims that arise under the Lanham Act for Trademark Infringement under 15 U.S.C. § 1114 and for Unfair Competition pursuant to 15 U.S.C. § 1125(a). As such, this Court has subject matter jurisdiction over these claims.

5. This Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367 over Qatar Airways' claims arising under the statutory and common laws of Virginia, as these matters that are so related to the Lanham Act trademark infringement and unfair competition claims such that they are part of the same case and controversy.

6. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in Virginia and this District through at least Defendant's website, <https://www.visitqatar.com>

("Defendant's Website"). Specifically, Defendant is seeking to do business with this District's residents by operating an interactive commercial website through which Virginia residents can search for flights and hotels and, ultimately, book travel. Defendant is committing tortious acts in Virginia and has wrongfully caused Plaintiff substantial injury in the State of Virginia. This Court also may exercise personal jurisdiction over Defendant, an alien, based upon Defendant's cumulative contacts with the United States through his website.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### A. Qatar Airways and its U.S. Trademark Rights

8. Qatar Airways is the national airline of Qatar, headquartered in Doha, Qatar.

9. Since at least 2007, well before Defendant's infringing acts alleged herein, Qatar Airways has continuously used and promoted its travel services to and from the United States using the marks 

(the foregoing marks, including all common law rights and U.S. trademark registrations associated therewith, are referred to collectively as the "Oryx Marks"). Qatar Airways' Oryx Marks are the subject of substantial and continuous marketing and promotion in the U.S. and elsewhere by Qatar Airways in connection with its airline and travel services. Qatar Airways has and continues to widely market and promote its Oryx Marks in the business and tourism travel industries and to consumers by, for example, displaying the

 and QATAR AIRWAYS القطرية marks on every page of its <www.qatarairways.com> website, displaying the mark on all airplanes of the Qatar Airways fleet, on promotional materials and press releases, other internet websites and social media sites, and at a variety of airport service locations around the world. Since at least 2007, Qatar Airways has invested significant time and expense on promoting and marketing travel and tourism services in the United States under its Oryx Marks.

10. Qatar Airways displays, and has displayed, its Oryx Marks on its website <www.qatarairways.com>, which it has owned and operated since May 1997. Qatar Airways has been using its Oryx Marks on its website since at least 2007 to promote travel to and from Qatar to consumers in the United States. Qatar Airways' website receives an average of 7.9 million views per month from U.S. consumers.

11. Qatar Airways displays, and has displayed, its Oryx Marks on various social media accounts under its control. Qatar Airways owns Twitter accounts including "QATAR AIRWAYS" (www.twitter.com/qatarairways). Qatar Airways has operated its QATAR AIRWAYS Twitter account, which has 1.6 million followers, since 2008 to promote its travel and business brands to consumers in the United States and elsewhere. This account uses extensively the Oryx Marks to promote Qatar Airways' airline and travel services.

12. Qatar Airways also owns the "QATAR AIRWAYS" Facebook page (www.facebook.com/qatarairways), which prominently displays the Oryx Marks. This account has 22.6 million followers. Qatar Airways has operated its Facebook account

since at least 2011 in connection with its airline and travel services in the U.S. and elsewhere. The Qatar Airways Facebook page also has over 22.4 million likes.

13. Qatar Airways owns and operates a YouTube account with the name "Qatar Airways" (www.youtube.com/user/qatarairways), and has done so in the United States since at least December 2006. Qatar Airways' YouTube page has over 257,000 subscribers and has been viewed over 93.7 million times. Since Qatar Airways began operating in the United States, it has published hundreds of videos on its YouTube page, and the Oryx Marks are featured on its YouTube page, in the thumbnail video images and within the videos themselves, in connection with its travel services.

14. Qatar Airways owns and operates an Instagram account with the handle "qatarairways" (www.instagram.com/qatarairways) and has done so to promote its travel and business services since at least May 2012, including to United States consumers. Qatar Airways' Instagram account has over 16,500 posts and over 3.4 million followers.

15. In addition, through its authorized licensees, including but not limited to the Qatar National Tourism Council, Qatar Airways has used its Oryx Marks in the U.S. since at least 2015 to cross-promote travel and tourism to Qatar.

16. Additionally, through its authorized licensee, the Qatar National Tourism Council, Qatar Airways displays, and has displayed to U.S. consumers, the Oryx Marks on the Qatar National Tourism Council's social media pages, including at least the @VisitQatar Facebook , Instagram, and Twitter pages. The Qatar National Tourism Council has over 131,000 Twitter followers, 217,400 Instagram followers, and over 1.15 million Facebook followers or likes.

17. At least as early as 2007, Qatar Airways used its Oryx Marks to promote and operate daily flights to and from the United States. Since that time, Qatar Airways has added additional flight routes to and from the ten largest metropolitan areas in the United States, including, New York, Atlanta, Boston, Los Angeles, Chicago, Dallas/Fort Worth, Houston, Miami, Philadelphia, and Washington D.C. Qatar Airways has used its Oryx Marks in the United States in connection with its travel services continuously during that time. Numerous Qatar Airways press releases appeared in U.S. media outlets describing Qatar Airways' operations in the United States.

18. By virtue of Qatar Airways' continuous and substantial use, the Oryx Marks have become strong and distinctive identifiers of Qatar Airways' travel services to United States consumers such that consumers have come to recognize the Oryx Marks and associate them exclusively with Qatar Airways and its services. As a result, Qatar Airways has built up, at great expense and effort, valuable good will in its Oryx Marks and has developed strong common law trademark rights.

19. In addition to its common law rights, Qatar Airways owns U.S. Trademark Registration No. 4,698,850 for its QATAR AIRWAYS القطرية mark, which registered on March 10, 2015 in connection with the following goods and services: transport services; packaging articles for transportation; air transport and storage of goods; travel arrangement; printed goods, namely, brochures, and time tables and maps, all relating to air transport.

20. Pursuant to the Lanham Act, 15 U.S.C. § 1115, Qatar Airways' '850 Registration has become incontestable by virtue of its continuous use for five consecutive years subsequent to the date of registration and is still in use in commerce in the United States. Attached as Exhibit 1 is a true and correct copy of the '850 Registration.

21. In addition, Qatar Airways owns U.S. Trademark Registration No. 4,788,384 for its 

mark, which registered on August 11, 2015 in connection with the following goods and services: Air transport services; packaging articles for transportation; air transport and storage of goods; travel arrangement; brochures, timetables, and maps, all relating to air transport. Attached as Exhibit 2 is a true and correct copy of the '384 Registration.

**B. <u>Defendant's Infringing Activity</u>**

22. On information and belief, since about July 2017, Defendant has published Defendant's Website. On information and belief, beginning from about July 2017, Defendant's Website included the words "Visit Qatar" in its header, next to a logo that is confusingly similar to Qatar Airways' Oryx Marks and is likely to cause consumers to mistakenly believe that Defendant's website is sponsored by, affiliated, or associated with Qatar Airways, which is false. Defendant's website invites the visitor to search for flights or hotels. Once a search is carried out, the results link the user to third party travel booking websites.

23. Without permission or consent from Qatar Airways, Defendant falsely purported to offer travel booking services using a trademark that is confusingly similar to, and substantially indistinguishable from, the Oryx Marks. An example of Defendant's infringing mark is shown below.



24. Defendant has used a confusingly similar, and substantially indistinguishable, mark to direct internet traffic to his website from consumers who are seeking Qatar Airways' services. On information and belief, Defendant obtains financial gain from his unauthorized use of a confusingly similar logo in the form of "pay-per-click" fees.

25. On information and belief, Defendant designed his website to trade on the goodwill of Qatar Airways' Oryx Marks, and deceive consumers as to a connection, association, or affiliation between Defendant and Qatar Airways, in order to obtain "pay-per-click" fees from consumers who believe that a legitimate connection between Defendant and Qatar Airways exists. To reinforce that connection, Defendant links to third party travel booking services using Qatar Airways' Oryx Marks. An example is shown below.


26. Defendant has purposefully utilized his mark juxtaposed with "VISIT QATAR" at the head of his website to create confusion amongst consumers and create an impression that Defendant's Website is legitimate and associated with or endorsed by Qatar Airways, which is false. Defendant's mark includes an Oryx head, facing left, in the same manner and color scheme that Qatar Airways had been using its Oryx Marks in the travel industry for decades. Defendant also links to third-party travel booking websites that sell flights on Qatar Airways and on other airlines competing with Qatar Airways in the leisure and business travel markets.

27. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Qatar Airways' business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source, origin, or relationship of Qatar Airways' services and Defendant's services, and has otherwise competed unfairly with Qatar Airways by unlawfully trading on and using the Oryx Marks without Qatar Airways' permission or consent.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114

28. Qatar Airways restates and incorporates by reference the allegations set forth in Paragraphs 1–27 of this Complaint as though fully set forth herein.

29. This is a claim for trademark infringement arising under 15 U.S.C. § 1114(a).

30. As a result of the widespread use and promotion in the United States of the marks that are the subject of U.S. Trademark Registration Nos. 4,698,850 and 4,788,384

(the "Registered Marks"), the Registered Marks are strong, distinctive, and well-known to consumers in that consumers associate the Registered Marks with Qatar Airways.

31. Qatar Airways' use of the Registered Marks in the United States became distinctive many years before Defendant's use of his confusingly similar mark and have developed strong recognition as identifiers of Qatar Airways and its services.

32. Defendant has infringed the Registered Marks and created a likelihood of confusion by using in commerce, without Qatar Airways' permission, a confusingly similar mark in connection with the advertisement, offering for sale, rendering, and/or sale of Defendant's purported services, including travel booking related services.

33. Defendant's promotion, advertising, sale, rendering, and/or offering for sale of his purported services under the infringing mark is intended to and likely to cause consumers to mistakenly believe that Qatar Airways is the source of or connected to Defendant's business under 28 U.S.C. § 1114.

34. On information and belief, Defendant engaged in this misconduct with the intent to trade upon Qatar Airways' reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's purported services are associated with, sponsored by, or approved by Qatar Airways, when they are not.

35. On information and belief, Defendant had actual knowledge of Qatar Airways' ownership and prior use of the Registered Marks and without the consent of Qatar Airways, willfully violated 15 U.S.C. § 1114.

36. Defendant, by his actions, has damaged Qatar Airways in an amount to be determined at trial.

37. Defendant, by his actions, has irreparably injured Qatar Airways, and Defendant can reasonably be expected to resume his infringing actions unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Qatar Airways' rights.

## COUNT II

### False Designation of Origin Under 15 U.S.C. § 1125(a)

38. Qatar Airways restates and incorporates by reference the allegations set forth in Paragraphs 1–37 of this Complaint as though fully set forth herein.

39. This is a claim for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

40. As a result of the widespread use and promotion of Qatar Airways' Oryx Marks in the United States, the mark is strong, distinctive, and well-known to consumers, in that consumers associate the Oryx Marks with Qatar Airways.

41. Qatar Airways' use of the Oryx Marks in the United States became distinctive many years before Defendant's use of his confusingly similar mark and have developed strong recognition as identifiers of Qatar Airways and its services.

42. Defendant has infringed Qatar Airways' Oryx Marks and created a false designation of origin, by using in commerce, without Qatar Airways' permission, a confusingly similar mark in connection with the advertisement, offering for sale, rendering, and/or sale of Defendant's purported services, including travel booking related services.

43. Defendant's promotion, advertising, sale, rendering, and/or offering for sale of his purported services under the infringing mark is intended to and likely to cause

consumers to mistakenly believe that the services have been authorized or sponsored, licensed, approved, or endorsed by Qatar Airways or that Defendant is somehow affiliated with Qatar Airways, in violation of 15 U.S.C. § 1125(a).

44. On information and belief, Defendant engaged in this misconduct with the intent to trade upon Qatar Airways' reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's services are associated with, sponsored by, or approved by Qatar Airways, when they are not.

45. On information and belief, Defendant had actual knowledge of Qatar Airways' ownership and prior use of the Oryx Marks and without the consent of Qatar Airways, willfully violated 15 U.S.C. § 1125(a).

46. Defendant, by his actions, has damaged Qatar Airways in an amount to be determined at trial.

47. Defendant, by his actions, has irreparably injured Qatar Airways, and Defendant can reasonably be expected to resume his infringing actions unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Qatar Airways' rights.

## COUNT III

### Trademark Infringement and Unfair Competition in Violation of Virginia Common Law

48. Qatar Airways restates and incorporates by reference the allegations set forth in Paragraphs 1–47 of this Complaint as though fully set forth herein.

49. This is a claim for trademark infringement and unfair competition under the common law of the State of Virginia.

50. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Qatar Airways in violation of the common law of the State of Virginia.

51. Defendant's aforementioned acts have damaged Qatar Airways in an amount to be determined at trial.

52. Defendant has irreparably injured Qatar Airways, and Defendant can reasonably be expected to resume his infringing actions unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Qatar Airways' rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Qatar Airways prays for judgment against Defendant as follows:

A.   That the Court render a final judgment in favor of Qatar Airways and against Defendant on all claims for relief alleged herein;

B.   That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing Qatar Airways' Oryx Marks by using a false designation of origin, through the marketing sale, promotion, and rendering of Defendant's purported services;

C.   That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Qatar Airways' trademark rights in the Registered Marks;

D.   That the Court render a final judgment that Defendant has violated Virginia common law by unfairly competing with Qatar Airways and infringing upon Qatar Airways' Oryx Marks;

E.   That Defendant, his agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service with any of them who receive actual notice of an injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from

        1.   using any depiction of an oryx in connection with the advertising, promotion, sale, or rendering of any of Defendant's purported services, using any of the Oryx Marks in connection with any of

Defendant's purported services, and/or using confusingly similar variations of any of the Oryx Marks in any manner that is likely to create an impression that Defendant is associated with or endorsed in any way by Qatar Airways, or that Defendant's services originate with Qatar Airways;

2. registering any trademarks that are identical or confusingly similar to the Oryx Marks;

3. falsely designating the origin of Defendant's services;

4. unfairly competing with Qatar Airways in any manner whatsoever;

5. causing a likelihood of confusion or injury to Qatar Airways' business reputation; and

6. registering any domain name that includes Qatar Airways' name or trademarks.

F. That Defendant be directed to file with this Court and serve on Qatar Airways within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which he has complied with the injunction pursuant to 15 U.S.C. § 1116;

G. That Defendant be required to account to Qatar Airways for any and all profits derived by Defendant and all damages sustained by Qatar Airways by virtue of Defendant's acts complained of herein;

H. That Defendant be ordered to pay over to Qatar Airways all damages which Qatar Airways has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

I. That Defendant be additionally ordered to pay over to Qatar Airways a reasonable royalty for past use of the Oryx Marks;

J. That Defendant be ordered to pay over to Qatar Airways damages to institute corrective advertising;

K. That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

L. That Defendant's actions be deemed willful;

M. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Qatar Airways pursuant to at least 15 U.S.C. § 1117;

N. That Qatar Airways be awarded such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Qatar Airways requests a trial by jury of all issues so triable.

Date: May 7, 2021

*/s/ Andrea L. Cheek*
Andrea L. Cheek

Counsel for Plaintiff
QATAR AIRWAYS GROUP Q.C.S.C.

Andrea L. Cheek (SBN 80331)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
andrea.cheek@knobbe.com
Tel: (202) 640-6400
Fax: (202) 640-6401

Lynda J. Zadra-Symes (*pro hac vice* forthcoming)
Paul A. Stewart (*pro hac vice* forthcoming)
Baraa Kahf (*pro hac vice* forthcoming)
Brian M.Z. Reece (*pro hac vice* forthcoming)
Ryan Walkenhorst (McBride) (*pro hac vice* forthcoming)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502
lynda.zadrasymes@knobbe.com
paul.stewart@knobbe.com
baraa.kahf@knobbe.com
brian.reece@knobbe.com
ryan.mcbride@knobbe.com